# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, <br><br> Plaintiff, <br><br> v. <br><br> GONOW TRAVEL CLUB, LLC, *et al.*, <br><br> Defendants. | Case No. 19-cv-297-BAS-AGS <br><br> **ORDER GRANTING MOTION TO SET ASIDE DEFAULT** <br><br> **[ECF No. 25]** |

Presently before the Court is Defendant GoNow Travel Club, LLC's Motion to Set Aside Default. ("Mot.," ECF No. 25.) Plaintiff Anton Ewing opposes the Motion. (ECF No. 27.) The Court finds this Motion suitable for determination on the papers and without oral argument. Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

Plaintiff filed a complaint against Defendants Francisco Morgan and GoNow Travel Club, LLC ("GoNow"). (ECF No. 1.) Both Defendants filed a joint motion to dismiss. (ECF No. 5.) Plaintiff then timely filed a first amended complaint, (ECF No. 7), so the Court terminated the motion to dismiss as moot. Francisco Morgan filed a motion to dismiss, but GoNow did not join the motion. (ECF No. 9.) Because GoNow had failed to respond to the first amended complaint, Plaintiff requested and

received a clerk's entry of default against GoNow. (ECF No. 14.) GoNow seeks to set aside the default.

## II. LEGAL STANDARD

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b). The decision whether or not to grant default judgment pursuant to Fed. R. Civ. P. 55(b) is within the discretion of district courts. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion to grant or deny a motion for default judgment, the Court considers the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel,* 782 F.2d at 1471–72. "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

## III. ANALYSIS

The Court finds the *Eitel* factors weigh in favor of setting aside the entry of default. First, the Court finds no prejudice to Plaintiff in allowing this case to proceed. This case is still in the early stages of litigation and the Court has not yet ruled on the motion to dismiss filed by the other Defendant in this case. *Contra PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (noting this factor weighs in favor of default if the plaintiff "will likely be without other

recourse for recovery" without a default judgment). Once GoNow files an answer or a motion to dismiss, the case can proceed on the merits.

Further and importantly, the Court finds no evidence of bad faith in Defendant's failure to file an answer. Defense counsel apparently was unaware of the federal rules as they relate to responding to a complaint, because he states in the past, "opposing attorneys have not required him to file a separate answer for multiple defendants while initial motions/demurrers were pending in the case." (Mot. 5.) As counsel now knows, all defendants must respond to a complaint within the time limits set forth by the federal rules. But the Court does not find that counsel's failure to file an answer for GoNow was an attempt to manipulate the legal system or take advantage of Plaintiff. *See TCI Grp. Line Ins. Plan v. Knoebber*, 244 F.3d 691, 697– 98 (9th Cir. 2001) ("Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not necessarily . . . culpable or inexcusable."). Defendant's mistake is not inexcusable and does not weigh in favor of the extreme measure of judgment by default.

Further, the Court favors a decision on the merits. *See Eitel*, 782 F.2d at 1472 (holding default judgments generally are disfavored because "cases should be decided on their merits whenever reasonably possible"). GoNow intends to move to dismiss Plaintiff's complaint and it states it has many meritorious defenses it hopes to present. (Mot. 10.) The Court therefore will be able to evaluate the merits of Plaintiff's case against both Defendants. This factor weighs against entry of default.

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, the *Eitel* factors weigh in favor of setting aside the default against GoNow. The Court **GRANTS** Defendant's Motion. (ECF No. 25.) GoNow **SHALL** answer or otherwise respond to Plaintiff's complaint <u>on or before July 9, 2019.</u>

**IT IS SO ORDERED.**

**DATED: June 18, 2019**

Hon. Cynthia Bashant
United States District Judge