# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                     Plaintiff,<br><br>     v.<br><br>GONOW TRAVEL CLUB, LLC, *et al.*,<br><br>                     Defendants. | Case No. 19-cv-297-BAS-AGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 9]** |

Plaintiff Anton Ewing filed a complaint against Defendants GoNow Travel Club, LLC ("GoNow") and Francisco Morgan. (ECF No. 1.) Both Defendants moved to dismiss, and Plaintiff timely filed a first amended complaint. (First Amended Complaint, "FAC," ECF No. 7.) Defendant Morgan now moves to dismiss the FAC. ("Mot.," ECF No. 9.) Plaintiff opposes the Motion. ("Opp'n," ECF No. 11.) The Court finds this Motion suitable for determination on the papers and without oral argument. Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendant's Motion.

**I.    FACTUAL ALLEGATIONS**

Plaintiff alleges Defendants violated the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227(b)(1)(A) and § 227(c)(5).

Plaintiff alleges Defendants have been "bombarding" him with prerecorded calls ("robocalls") and live-transfer calls using an automated dialing system ("ATDS"). (FAC ¶ 2.) Plaintiff alleges this occurred from August 2018 to February 2019. Plaintiff alleges Defendants have "placed repeated automated telephone calls" to his cell phone and home phone numbers, and "the calls exhibited signs of being made with an Automated Telephone Dialing System." (*Id.* ¶ 27.) Plaintiff states he believes the calls were made using ATDS because there was a "long delay" before the call was connected, and a "bubble popping" noise before the prerecorded message started. (*Id.*) Plaintiff alleges in the alternative, Defendants hired a third-party business to call Plaintiff. (*Id.* ¶ 29.) Plaintiff states he never consented to any calls from Defendants, never visited any location operated by Defendants prior to the calls, and had no prior business relationship with Defendants. (*Id.* ¶¶ 2, 24.) Finally, Plaintiff alleges Defendant Morgan uses Defendant GoNow as his alter ego. (*Id.* ¶ 51.)

**II. LEGAL STANDARD**

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

### III. ANALYSIS

#### A. Plaintiff's TCPA Claims

Defendant Morgan moves to dismiss Plaintiff's TCPA claims against him.[1] To successfully plead a TCPA claim, a plaintiff must allege defendant (1) called a cellular telephone number or any service for which the called party is charged for the call; (2) using an ATDS or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1); *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 804 (9th Cir. 2017) (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012)).

As to the first element, to "make" a call under the TCPA the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call. *Gomez v. Campbell-Ewald, Co.,* 768 F.3d 871, 877–79 (9th Cir. 2014). Plaintiff alleges Mr. Morgan directly called Plaintiff on his cell phone. (FAC ¶ 51.) This element is satisfied.

---

[1] Mr. Morgan focuses much of his Motion to Dismiss on refuting Plaintiff's allegations and asserting that certain events in fact "did not happen." (Mot. at 3.) Mr. Morgan states that Plaintiff decided to attend a GoNow presentation on travel, but when he showed up, began shouting that GoNow was fraudulent. (Mot. at 5.) Plaintiff was escorted out of the office, but he returned and began screaming at GoNow's receptionist. The receptionist provided Plaintiff with Mr. Morgan's cell phone number, which Plaintiff called and they talked the day of the presentation. (*Id.*) Mr. Morgan states he did call Plaintiff to attempt to resolve Plaintiff's lawsuit, but asserts that he never robocalled Plaintiff. (*Id.* at 6.)

While the Court understands that Mr. Morgan wants to make it clear that his side of the story is different than Plaintiff's, at this stage, the Court must accept Plaintiff's well-pled allegations as true. *Liberty Mut. Ins.*, 80 F.3d at 337–38.

As to the second element, an ATDS is "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). Plaintiff specifically alleges Mr. Morgan called him using a "telephone dialing system." (FAC ¶ 44.) But Plaintiff admits this conclusory allegation is "insufficient standing alone" and asserts he alleges "sufficient additional facts" to support the conclusion. (*Id.*) Plaintiff states he knows the calls were made using ATDS because the calls did not address Plaintiff personally, and Plaintiff has never heard of Defendants or visited any location operated by Defendants prior to the phone calls, and never provided his phone number to Defendants. (*Id.*)

Plaintiff is proceeding pro se and is entitled to a liberal construction of his pleadings.[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even so, the Court disagrees with Plaintiff that he has included sufficient plausible allegations to support his assertion that Mr. Morgan used ATDS. Plaintiff identifies Mr. Morgan's phone number as one beginning with 949. (FAC ¶ 51.) Plaintiff also alleges he was called nine times from three different numbers—none of which begin with 949. (*Id.* ¶¶ 8, 59, 60; *see also id.* ¶ 61 ("GoNow Travel Club, LLC placed at least 9 telemarketing robocalls to Mr. Ewing" and the agents on the calls were named Dave and Robert).) Throughout his Complaint, when Plaintiff refers to the "harassing and annoying calls," he does not appear to be referring to calls coming from the 949 number. And when Plaintiff alleges that the calls "were marked by an unnatural click or pause at the beginning" he is referring to the nine robocalls from GoNow. (*Id.* ¶ 62.) Thus Plaintiff does not connect his conclusory allegation that Mr. Morgan

---

[2] Plaintiff admits he is not an attorney but states he has received a Juris Doctorate. (FAC at 3.) Judge Curiel has analyzed how to construe Mr. Ewing's pleadings given that Mr. Ewing has attended law school and is familiar with the law based on his prior litigation. *Osgood v. Main Streat Mktg, LLC*, No. 16-cv-2415-GPC (BGS), 2017 WL 131829, at *3–4 (S.D. Cal. Jan. 13, 2017). Judge Curiel determined that the Ninth Circuit has not ruled on this exact issue and therefore determined courts should liberally construe the pleadings of such a plaintiff. The Court agrees and does so here.

used ATDS with any factual allegations.

Indeed, it is more plausible that the alleged call from Mr. Morgan was made by Mr. Morgan personally, not through ATDS. "[W]here factual allegations made in a plaintiff's complaint 'are unsupported by any specific facts and appear less likely than the alternate inference, namely that plaintiff received a customer specific text [or call] . . . through human agency, rather than an ATDS' the pleading standard for this element is not met." *Maier v. J.C. Penney Corp., Inc.*, No. 13cv163-IEG (DHB), 2013 WL 3006415, at *4 (S.D. Cal. June 13, 2013) *(*quoting *Gragg v. Orange Cty. Cab Co.*, No. C12-0576RSL, 2013 WL 195466, at *2 (W.D. Wash. Jan. 17, 2013)). Plaintiff provides a "transcript" of a phone call between him and Mr. Morgan, which is a conversation between the two individuals discussing Plaintiff's lawsuit, and is not the "audio recordings of the robotic voice message[s]" that Plaintiff states he received from Defendants. (Exhibit 1 to FAC; *see also* FAC ¶ 44.)[3] Plaintiff states the robocalls were "impersonal advertisements" that "did not address Plaintiff personally" and were to "advertise Defendant GoNow Travel's product." (FAC ¶ 44.) In contrast, the "transcript" of Plaintiff's call with Mr. Morgan shows the call was made by Mr. Morgan personally to discuss Plaintiff's lawsuit and contradicts the assertion that Mr. Morgan engaged in robotic ATDS calls. Courts are not "required to accept as true allegations that contradict exhibits attached to the Complaint or . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Plaintiff's FAC and its attachments, in their entirety, show that Plaintiff has not plausibly alleged Mr. Morgan called him using ATDS.

And to the extent Plaintiff is broadly alleging "Defendants" called him using an auto-dialer, such allegations are insufficient. (*See* FAC ¶ 42.) When suing multiple defendants, a plaintiff must differentiate which allegations are against which

---

[3] The Court does not accept the truth of, nor opine on the contents of, the "transcript" provided by Plaintiff. The Court merely points to the transcript to show the contradiction in Plaintiff's pleading.

defendant and not lump defendants together without distinguishing the alleged wrongs amongst defendants. *See* Fed. R. Civ. P. 8. The Court also notes that Plaintiff is familiar with the rule requiring specific allegations for each defendant, as his complaints in other cases have been dismissed for failing to distinguish the identity of the defendants. *See Ewing v. Encor Solar, LLC*, 18-cv-2247-CAB-MDD, 2019 WL 277386, at *6 (S.D. Cal. Jan. 22, 2019); *Ewing v. Figure Dream Lifestyle, LLC*, No. 18-cv-1063-AJB-AGS, 2019 WL 142589, at *5 (S.D. Cal. Mar. 29, 2019). Again, Plaintiff fails to do so in this case.

Plaintiff appears to admit in his opposition that Mr. Morgan personally did not make the ATDS calls to Plaintiff's cell phone, instead arguing that Mr. Morgan "personally hired the telemarketers and he personally controlled their actions at every step of the way." (Opp'n at 4.) But this allegation is not in the FAC, where Plaintiff actually alleges GoNow "hired and controlled agents" to robocall Plaintiff. (FAC ¶ 2.) Plaintiff alleges GoNow is the "lead broker" in the alleged conspiratorial "telemarketing operation." (*Id.* ¶ 52.) The Court considers only what is in the complaint and therefore Plaintiff has not pled Mr. Morgan's violation of the TCPA through direct or vicarious liability.

The Court **DISMISSES** Plaintiff's TCPA claims against Mr. Morgan.

### B. Plaintiff's Alter Ego Claims

Plaintiff also alleges Mr. Morgan is the alter ego of GoNow Travel, LLC. Plaintiff alleges broadly that Mr. Morgan "does not obey the corporate formalities of operation" of the LLC and that "Morgan has failed to separate his personal expenses from the expenses of the GoNow Travel accounts." (FAC ¶¶ 6, 51.) There are no allegations to support these statements. "In essence all that is before the Court are perfunctory and conclusory statements not supported by facts, which are insufficient as a matter of law to support a finding of alter ego." *Encor Solar, LLC*, 2019 WL 277386, at *5 (Judge Bencivengo's findings regarding Plaintiff's alter ego allegations in another case). Thus, Plaintiff has not sufficiently alleged Mr. Morgan

is the alter ego of GoNow. The Court **DISMISSES** this allegation.

### C. Leave to Amend

The Court finds it appropriate to grant Plaintiff leave to amend his complaint. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248–49 (9th Cir. 1995) (per curiam) (holding that dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend).

Going forward, the Court reminds the parties of the professionalism rules of this Court. Plaintiff's complaint and opposition are marked by extreme comments about Defendant Morgan. Plaintiff alleges Mr. Morgan "lied under oath" and has perjured himself, and that the Court should "refer this matter to the US Attorney for perjury prosecution." (FAC at 2.) Plaintiff requests the Court sanction Mr. Morgan for various reasons and strike certain portions of Mr. Morgan's pleadings. (Opp'n at 5.) The Court agrees that some portions of Mr. Morgan's pleadings are unrelated to the TCPA issue at hand. The allegation that Plaintiff "pleaded guilty to criminal felony RICO charges," "lost his CPA license," and "was convicted of stalking in 2010" are irrelevant to a court considering whether Plaintiff has been robocalled. (*See* Mot. at 1–2.) But Plaintiff providing the details of defense counsel's every experience in federal court in his career is likewise irrelevant. (Opp'n at 2 n.1.) And Plaintiff telling the Court to "not be hypocritical," and "get control of [defense counsel] Mr. Brasher," is equally unprofessional. The Court declines to sanction Mr. Morgan or strike any part of the pleadings and urges all parties to maintain a professional tone throughout their pleadings.

### IV. CONCLUSION

In sum, because Plaintiff has not plausibly pled any allegations against Mr. Morgan, the Court **GRANTS** the Motion to Dismiss and **DISMISSES** Mr. Morgan from this lawsuit. However, the Court grants Plaintiff leave to amend his complaint. Plaintiff may file an amended complaint <u>on or before August 19, 2019.</u> If Plaintiff

chooses not to file an amended complaint by this date, Plaintiff's case will proceed against Defendant GoNow only.

**IT IS SO ORDERED.**

**DATED: July 19, 2019**

Hon. Cynthia Bashant
United States District Judge