# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                       Plaintiff,<br><br>   v.<br><br>GONOW TRAVEL CLUB, LLC, *et al.*,<br><br>                       Defendants. | Case No. 19-cv-297-BAS-AGS<br><br>**ORDER:**<br>**(1) SANCTIONING PLAINTIFF;**<br>**(2) DENYING PLAINTIFF'S EX PARTE MOTION TO LODGE DVD; AND**<br>**(3) DENYING PLAINTIFF'S MOTION FOR CRIMINAL PROSECUTION**<br><br>**[ECF Nos. 41, 44]** |

On September 16, 2019, Plaintiff Anton Ewing filed a document entitled "Joint Motion to Strike." (ECF No. 37.) The document states that Plaintiff and Defendant GoNow Travel Club, LLC "hereby stipulate and do jointly . . . move" to strike a declaration from the record. (*Id.* at 1.) The document was signed by Plaintiff and looked to be electronically signed by defense counsel James Brasher. That same day, Mr. Brasher filed a declaration informing the Court that he had not given Plaintiff permission to file the motion. The Court ordered Plaintiff to show cause why he should not be sanctioned for filing the "joint" motion. Brasher then filed a supplemental declaration, and Plaintiff filed a response to the Court Order. After reviewing all filings, the timeline of events is now clear.

On September 11, 2019, the Parties attended an early neutral evaluation

("ENE") conference with Magistrate Judge Schopler. (ECF No. 36.) At the ENE, the Parties agreed that a certain document could be stricken from the record, and Plaintiff was to prepare the joint motion to strike. Later that day, Plaintiff emailed Mr. Brasher a proposed joint motion to strike. The next day, Thursday September 12, 2019, Mr. Brasher sent Plaintiff a letter[1] wherein he informed Plaintiff he did not agree to the joint motion, and he requested Plaintiff instead make changes to the document and send back a revised copy. (ECF No. 38.) On Monday September 16, 2019, Plaintiff filed the joint motion on the record. After learning that the document was not agreed to by Mr. Brasher, the Court ordered Plaintiff to show cause why he should not be sanctioned for filing the document. (ECF No. 39.) Plaintiff responded to the Court's Order. ("Ewing Response," ECF No. 43.)

## I. LEGAL STANDARD

Courts have inherently broad authority to impose penalties and sanctions for a party's failure to comply with the rules of conduct governing the litigation process. Through the district court's inherent powers, monetary sanctions in the form of attorney's fees may be imposed against a party who acts in bad faith, such as disrupting the litigation process of failing to abide by a court order. *Leon v. IDX Systems Corp.*, 464 F. 3d 951, 961 (9th Cir. 2006); *see also Rodeway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980).

Pro se litigants are subject to sanctions. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir.1996) (vacating district court's order declining to impose sanctions on pro se litigant and remanding for a determination of whether a Rule 11 violation had taken place and, if so, what sanctions should be imposed); *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir.1994) (holding Rule 11 applies to

---

[1] In the Court's prior order, it mistakenly noted that Mr. Brasher responded to Plaintiff by email. (ECF No. 39.) Mr. Brasher confirms that he only responded to Plaintiff by letter for reasons that are laid out herein.

unrepresented parties, and district courts are not at liberty to automatically exempt them from sanctions). The court must, however, take a party's pro se status into account when determining whether the party's actions were reasonable. *Id.* The Court "can properly consider [a party's] ability to pay monetary sanctions as one factor in assessing sanctions." *Warren*, 29 F.3d at 1390.

Regardless of whether sanctions are imposed under the Federal Rules or pursuant to a court's inherent power, the decision to impose sanctions lies within the sound discretion of the court. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109–14 (9th Cir. 2005) (reviewing sanctions imposed under the court's inherent power); *Payne v. Exxon Corp.*, 121 F.3d 503, 510 (9th Cir. 1997) (upholding sanctions imposed under the Federal Rules).

## II. ANALYSIS

The Court finds it appropriate to sanction Plaintiff, and this finding is supported by a variety of reasons.[2]

**Blocking Domain Names.** Plaintiff has made it very clear to defense counsel Mr. Brasher that he may not email Plaintiff, and that Plaintiff has "blocked" Brasher's domain so that no emails will come through. (Exhibits 3 and 4 to Declaration of James Brasher, ECF No. 42.) Plaintiff is a litigant very familiar to this Court, and has had cases in front of and appeared in front of many district and magistrate judges in this courthouse. In a prior case, Plaintiff similarly blocked the domain name of the defendant's counsel. When counsel objected, Magistrate Judge Lopez held:

> Notably, Plaintiff cites no case or other law to support his argument that
> he should be allowed to block Defendant from emailing Plaintiff. As

---

[2] Plaintiff's pro se status does not excuse him from knowing and following the rules, and the Court does not find Plaintiff's pro se status to be a reason not to sanction him. As Chief Judge Burns has noted, "[a]lthough Ewing has usually proceeded *pro se*, he is a frequent litigant, and represents to the Court that he has a J.D. from the University of Arizona College of Law." (18-cv-1455-LAB-MSB, ECF No. 82, at 1.)

– 3 –

>set forth above, Plaintiff and Defendant are required to "be courteous and civil in all communications" and "attempt to informally resolve disputes with opposing counsel." Civ. L.R. 83.4(a)(1). Additionally, the Federal Rules require the parties to confer, communicate, and cooperate. See, e.g., Fed. R. Civ. P. 5, 26, 37. Email provides immediate and convenient notice and its use has become commonplace for a primary means of communication between parties in litigation.

(19-cv-845-CB-LL, ECF No. 31, at 6–7.) She ordered Plaintiff to stop blocking defense counsel's emails. (*Id.* at 7.) Therefore, Plaintiff is well aware that there is no basis for him to block defense counsel's emails in a case. Yet he has done so here. For the remainder of this case, Plaintiff **SHALL** unblock Mr. Brasher's emails and the parties may communicate civilly through email. If Plaintiff believes he has good reason to continue blocking the emails, he must request Court permission to do so.

To avoid further confusion, the Court orders the following. <u>In any case currently pending or later filed in this district where Plaintiff is a party, if Plaintiff wishes to block the domain name or emails of opposing counsel, he must file a motion in the case requesting court permission to do so. Plaintiff must attach a copy of this Order to that motion.</u>

**Failure to be Courteous.** In another of Plaintiff's cases, Chief Judge Larry Burns found that "although [Plaintiff] had been repeatedly ordered to obey Civil Local Rule 83.4 (concerning civility and professionalism), he repeatedly violated this rule. Ewing was discourteous and unprofessional when communicating with opposing parties and counsel; he disparaged their intelligence, ethics, and behavior; and he acted in a manner detrimental to the proper functioning of the judicial system." (18-cv-1455-LAB-MSB, ECF No. 82, at 1.) Judge Burns ordered Plaintiff "to be courteous and civil in all communications with opposing counsel, parties, and third parties and to refrain from disparaging their intelligence, ethics, or behavior. This includes making accusations for improper purposes (such as to harass, delay, or embarrass) or making any accusation without first confirming that it is accurate and

supported by evidence."  (*Id.* at 2.)

In the present case, Plaintiff informs the Court that he believes he has followed this admonition because he uses words like "it appears" and "may have" when making accusations.  (Ewing Response ¶ 27.)  For example, Plaintiff consistently alleges "Mr. Morgan is possibly a liar and may have engaged in perjury to this Court."  (*Id.* ¶ 8.)  He alleges Mr. Morgan's declaration "may be an obstruction of justice" and his statement "is not only absurd, it could be a lie."  (*Id.* ¶ 21.)  And even further, Plaintiff "moves the Court to sanction Mr. Brasher for his conduct and to refer this matter of possible perjury and obstruction of justice to the FBI and the US Attorney's Office for further investigation."  (*Id.* ¶ 27.)  Clearly, Plaintiff is making some serious accusations against Mr. Morgan and Mr. Brasher.  Throwing the word "maybe" or "possibly" into the sentences does not lessen the blow and is still an attempt to disparage their ethics and behavior.[3]

Plaintiff knows that there are ways of getting his point across to the Court without criticizing opposing parties or counsel.  Specifically, here, the Court simply ordered Plaintiff to show cause why he should not be sanctioned for filing a joint motion that was not actually joint.  Rather than responding to this simple request, Plaintiff included pages of accusations of perjury of Mr. Morgan and Mr. Brasher.  He did so knowing that the case has settled and the Court is not looking at the merits of this matter.  Doing so was unnecessary and was a violation of Judge Burns' orders.

**Filing a Joint Motion Without Approval.**  Plaintiff sent Brasher an email with the proposed joint motion on Thursday September 11, 2019, and then filed it with the Court on Monday September 16, 2019.

As noted above, Plaintiff has blocked Brasher's emails.  Plaintiff has also informed Mr. Brasher, "if you call me, you will be recorded.  If you do not want to

---

[3] And, as noted below, the Court did not ask Plaintiff to provide his opinion as to the truth or falsity of Morgan's declaration.  Plaintiff included these details unnecessarily, which increases the inappropriateness of the accusations here.

– 5 –

be recorded, then do not call me." Plaintiff told Mr. Brasher, "you cannot call me out of the blue without a confirmed appointment." (Exhibits 3 and 4 to Declaration of James Brasher.) He has specifically told Brasher many times to put Plaintiff's number on the firm's internal do not call list. (*Id.*) This requirement is unreasonable, illogical, and makes it very difficult for counsel to contact Plaintiff. It appears that, from Plaintiff's perspective, an appointment to discuss any matter can only be set by sending something to Plaintiff in the mail or by personal service. Therefore, Plaintiff knows that if he is going to receive any correspondence from Mr. Brasher, it will be through the mail. This is unreasonable and makes efficient communication between the parties impossible.

Plaintiff also admits he does not check his mailbox every day. (Ewing Response ¶ 17.) And despite this, he did not wait sufficient time to hear from Brasher before attaching Brasher's electronic signature to the motion and filing it with the Court. Plaintiff therefore had no basis for filing the motion as "joint"—given the strict requirements he has set for communication and given that he knew he could not have received a response from Brasher by the time he filed the motion.

**Making Misrepresentations to the Court in His Response.** Plaintiff's improper actions are compounded by his attempt to evade liability in his response to the Court's OSC.

In his response, Plaintiff attempts to put the blame on Mr. Brasher, arguing that, "If Mr. Brasher had responded via email, Fed Ex, text or telephone, he would have communicated his objection prior to the filing." (Ewing Response ¶ 18.) Yet Plaintiff knows he has told Brasher many times that he may not email, text, or call Plaintiff. Clearly, if Plaintiff were to receive a text or call from Brasher, he would not be happy. And Plaintiff knows that even if Brasher emailed Plaintiff his objection, Plaintiff would not receive the email, as he has blocked Brasher's domain.

Therefore, Plaintiff's attempt to mislead the Court in this manner by blaming Brasher for using a slower method of communication is inacceptable. Plaintiff

further argues that "Mr. Brasher's failure to communicate via email may be a violation of the rules[,]" (*id.* ¶ 13), which is likewise ridiculous considering Plaintiff's strongly-worded emails berating Brasher for using email are the only reason Brasher does not communicate by email.

Plaintiff also argues that he was permitted to file the joint motion to strike because the motion "does not have or contain a CM/ECF declaration or attestation that says that Mr. Brasher provided his express written consent and the motion itself states that the parties 'stipulate' and 'jointly and respectfully move.'" (Ewing Response, ¶ 15.) This argument is unclear and untruthful. Ewing is familiar with Court proceedings and knows that before he may attach a signature of another person, that person must agree to him doing so. One cannot "jointly move" or "stipulate" to something that he has not agreed to. Plaintiff's attempt to sidestep liability here by parsing language is not appreciated.

## III. CONCLUSION

Plaintiff has been cautioned many times by this Court and other judges to be courteous, civil, and not make misrepresentations. He has failed to follow those orders. Filing the "joint" motion in this case was inappropriate and done in bad faith. It is clear to the Court that Plaintiff knew that doing so was wrong, but did so anyway. Therefore, the Court finds it is appropriate to sanction Plaintiff. *See Fink v. Gomez*, 239 F.3d 989, 991–92 (9th Cir. 2001) (holding district courts have "inherent power to levy sanctions . . . for willful disobedience of a court order" (citations and internal quotation marks omitted)).

The Court **SANCTIONS** Plaintiff in the amount of $500.00. Plaintiff must make the payment to the Office of the Clerk of Court on or before November 1, 2019.[4] The Court hopes this monetary sanction will encourage Plaintiff to behave

---

[4] Plaintiff has previously been sanctioned by Judge Burns, who has informed Plaintiff of the process to object to sanctions if he believes the sanctions would cause him unjust financial hardship. *See Ewing v. K2 Prop. Dev., LLC*, No. 16-cv-678-LAB (AGS), 2018 WL 4846649, at *3 (S.D. Cal.

civilly in all matters going forward and to use truthful, non-combative language in all pleadings.

## IV. PLAINTIFF'S OTHER PENDING MOTIONS

Plaintiff requests permission to lodge with the Court a DVD containing video footage of his interactions with Defendant. (ECF No. 41.) Strangely, without waiting for a ruling on the motion, Plaintiff sent a copy of the DVD to chambers. The Court has no reason to review the DVD and has discarded it. The Court **DENIES** Plaintiff's Motion. (ECF No. 41.)

Plaintiff also requests the Court refer this matter to the FBI and USDOJ for criminal prosecution for perjury. (ECF No. 44.) The Court finds no reason to do so and **DENIES** the Motion.

**IT IS SO ORDERED.**

**DATED: September 26, 2019**

Hon. Cynthia Bashant
United States District Judge

---

Oct. 4, 2018)). The same process applies here.

If Ewing insists that these sanctions would cause him unjust financial hardship, he may submit to a debtor's exam to be conducted by Magistrate Judge Schopler. If Ewing elects a debtor's exam, Defendant shall have the right to examine the financial records of Ewing and any business entities he owns or is similarly associated with. Defendant will also be able to cross-examine him at the hearing. At the conclusion of the hearing, Judge Schopler will have the authority to impose a sanction of up to $500.00 on Ewing for the reasons set out above. If Judge Schopler finds Ewing has misrepresented his financial condition, he may also recommend that this Court impose further sanctions.

– 8 –